**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN DOE, a minor, by and through his natural parent, Jane Doe,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>JASON GATHING, an individual; and BRIAN BENITEZ, an individual,<br><br>　　　Defendants. | CASE NO:<br><br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

COMES NOW, Plaintiff JOHN DOE, by and through his attorneys of record ANDRE M. LAGOMARSINO, ESQ. and TAYLOR N. JORGENSEN, ESQ. of the law firm of LAGOMARSINO LAW, and hereby submits the following Complaint.

**JURISDICTION AND VENUE**

1.　　This civil action is brought to redress the deprivations of constitutional rights as protected under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and under the laws of the State of Nevada.

2.　　Jurisdiction is conferred by 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

3.　　Personal jurisdiction and venue in this District are proper because all facts pled and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

…

Page 1 of 11

**LAGOMARSINO LAW**
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052

Telephone: (702) 383-2864    Facsimile: (702) 383-0065

## PARTIES TO THIS ACTION

4. At all times relevant herein, Plaintiff JOHN DOE ("Plaintiff") was, and is, a minor living in Clark County, Nevada.

5. Jane Doe is Plaintiff's natural mother, over the age of eighteen, and is legally permitted to maintain this action on Plaintiff's behalf under NRS 12.080. Plaintiff JOHN DOE and Jane Doe are citizens of the United States and residents of Las Vegas in Clark County, Nevada.

6. LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD") is, and was, a political subdivision of Clark County, Nevada and located at 3708 S. Las Vegas Blvd., Las Vegas, NV 89109. LVMPD is a law enforcement agency in Clark County, Nevada. LVMPD is responsible for the training, hiring, control, and supervision of all its officers and agents as well as the implementation and maintenance of official and unofficial policies.

6. At all times relevant herein, LVMPD employed Defendants JASON GATHING (hereinafter "GATHING") and BRIAN BENITEZ (hereinafter "BENITEZ") (jointly the "Individual Defendants").

7. At all times relevant herein, Defendant GATHING was, and is, over eighteen, a United States citizen, and a resident of Clark County, Nevada.

8. At all times relevant herein, Defendant BENITEZ was, and is. over eighteen, a United States citizen, and a resident of Clark County, Nevada.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Paragraphs 1 through 8 are hereby specifically included and incorporated as though fully set forth herein.

10. On July 5, 2023, Plaintiff JOHN DOE returned home from California and was at his mother, Jane Doe's, house in Las Vegas, Nevada.

11. On that same day, Plaintiff JOHN DOE's friends called and asked if he wanted to hang out with them.

12. Plaintiff JOHN DOE accepted the invitation, and his friends offered to pick him up from his mother's house.

13. The car which Plaintiff's friends were driving and used to pick him up was stolen.

14. On July 5, 2023, multiple LVMPD officers engaged in a surveillance operation involving the vehicle which Plaintiff's friends were using and which LVMPD suspected was stolen.

15. When LVMPD officers ran the vehicle information, they learned it had been reported stolen.

16. Officers then observed three male juveniles get in the car and drive away, one of which was Plaintiff JOHN DOE.

17. Officers followed the car to Burger King, located at 6780 N. Durango Dr., Las Vegas, Nevada, 89149.

18. Officers observed the three juveniles park the car and enter the Burger King.

19. Plaintiff JOHN DOE, then only thirteen years old, sat at a table inside with his friends.

20. At approximately 6:00 p.m., several LVMPD officers burst into the restaurant with guns drawn, yelling expletives at Plaintiff and his friends to get down.

21. Startled and scared by the sudden intrusion, Plaintiff ran out of the restaurant and into traffic on Durango Drive, where he narrowly avoided being hit.

22. Multiple officers, with their guns drawn, chased after Plaintiff.

23. After approximately thirty (30) seconds of pursuit, Plaintiff reached the sidewalk and turned around with his hands up to face the officers.

24. Plaintiff JOHN DOE was clearly not reaching for anything, had his hands in the air, and had stopped running.

25. Despite Plaintiff surrendering, Defendant GATHING jumped in the air and kicked Plaintiff with both feet, hitting him in the chest and knocking him to the ground.

26. GATHING's use of force was so powerful that it sent GATHING flying over Plaintiff and into the rocky landscape behind the Plaintiff.

27. There was sufficient time between Plaintiff's surrender and when Defendant GATHING made the choice to jump-kick Plaintiff that GATHING could have employed a less forceful and violent apprehension maneuver.

28. After Defendant GATHING jump-kicked Plaintiff to the ground, three more LVMPD officers tackled Plaintiff and put weight on his head, neck, and body in a maneuver known as "segmenting."

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

29. Plaintiff did not resist arrest or make any attempts to flee after turning around to face the officers or while he was on the ground.

30. As a result of GATHING's forceful jump-kick and the other officers' segmenting maneuver, Plaintiff suffered a brain injury and abrasions to his face, eyebrow, and hip.

31. After Plaintiff was handcuffed and taken back to the Burger King parking lot, EMTs arrived and tended to Plaintiff's head abrasion.

32. Officer BENITEZ then transported Plaintiff to University Medical Center, a licensed hospital located at 1800 West Charleston Boulevard, Las Vegas, Nevada (hereinafter "UMC") to be medically cleared before taking him to Clark County Juvenile Justice Services (hereinafter "CCJJS").

33. BENITEZ stated that this was required because the Plaintiff is a minor, and he sustained injuries during his arrest.

34. During the car ride to UMC, BENITEZ told Plaintiff that it was his choice if he wanted to be medically checked out. BENITEZ told Plaintiff that he is "a man and can make [his] own decisions."

35. BENITEZ warned Plaintiff that UMC could "take several hours" if he wanted to "be seen" beyond just treating his scrapes, because "UMC fucking sucks."

36. BENITEZ then told Plaintiff that the last minor taken to UMC was out in 45 minutes because he told the ER doctors he felt "good."

37. At or about 7:28 p.m., Plaintiff was admitted to UMC. He was discharged just over an hour later at 8:36 p.m.

38. After hearing BENITEZ talk of extreme wait times at UMC, Plaintiff only complained of pain from his scrapes.

39. Dr. Ashley Barrile reported that LVMPD officers performed a segmenting maneuver to restrain Plaintiff, putting weight on his head, but did not order a CT scan.

40. Dr. Barrile's report does not reflect that she had any knowledge that Plaintiff was jump-kicked with substantial force, causing his head to hit the pavement.

41. Upon arriving at UMC, Defendant BENITEZ called Jane Doe, Plaintiff's mother, to inform her that Plaintiff was being admitted for a scrape on his forehead. Jane Doe responded that the police must have slammed him.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

42. Defendant BENITEZ denied that Plaintiff was slammed and told Jane Doe that officers performed the segmenting maneuver.

43. While Plaintiff was being treated at UMC, Plaintiff's mother, Jane Doe, arrived to try to see her son.

44. BENITEZ informed her that she could not see him right away because Plaintiff was technically "a prisoner."

45. When Jane Doe asked BENITEZ about the details of the arrest, BENITEZ told her that he and other LVMPD officers were performing surveillance on the stolen car and watched the three boys get in the car and drive away.

46. BENITEZ then walked Jane Doe outside to see Plaintiff for a brief moment. BENITEZ explained that Plaintiff's forehead was scraped during the arrest.

47. BENITEZ told her it was policy to perform a segmenting maneuver to prevent a suspect from resisting. BENITEZ further explained that the maneuver required officers to put weight on Plaintiff's head.

48. BENITEZ again denied that any LVMPD officers slammed, tackled, or kicked Plaintiff during apprehension to indicate full awareness of the scope of Plaintiff's injuries.

49. BENITEZ also told Jane Doe that they would be filling out a "Use of Force" report, and that she could request it any time.

50. Jane Doe was not informed about the medical care that Plaintiff received at UMC or of any other injuries he may have sustained.

51. After UMC discharged Plaintiff, BENITEZ drove him to CCJJS for booking.

52. BENITEZ informed Plaintiff that he would not have to stay overnight because he was not charged with any violent crimes.

53. The next day on July 6, 2023, Plaintiff told his mother he had a headache. Jane Doe brought him to his pediatrician at Sahara Medical Institute and told him about the use of force during the arrest the previous day.

54. The pediatrician told Jane Doe to take Plaintiff immediately back to the emergency room for clinical evaluation.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

55. At the UMC emergency room, Dr. Sydney Phan requested a CT scan of Plaintiff's head.

56. The CT scan showed that Plaintiff had suffered a "borderline mild inferior cerebellar tonsillar ectopia of around 5mm" (hereinafter "CTE").

57. CTE is a condition that occurs when the cerebellar tonsils herniate through the foramen magnum, the spinal canal that dips into the cerebellum. Trauma is a common cause of CTE.

58. CTE can have everlasting effects including chronic occipital headaches and a lifetime of surgeries and medical care.

59. Despite clear evidence that Plaintiff sustained a head injury during his arrest, Defendant BENITEZ discouraged Plaintiff from requesting a full medical check-up in the interest of saving time.

60. LVMPD police officer Defendant BENITEZ interfered with Plaintiff's constitutional right to medical care. BENITEZ, in his position of authority, discouraged Plaintiff, a thirteen-year-old child, from receiving the medical treatment he was entitled to, thus denying him his full rights and showing deliberate indifference towards Plaintiff's well-being.

61. In less than two days after Defendant GATHING's use of excessive force, Plaintiff was discovered to have a brain injury, which Plaintiff alleges was a direct result of said use of force.

62. Defendants GATHING and BENITEZ's actions caused Plaintiff unnecessary pain and suffering and the burden of needing future medical care.

63. Defendant GATHING acted pursuant to a longstanding and well-known unofficial custom or practice of Defendant LVMPD of using excessive force to effect an arrest.

64. Plaintiff will require additional medical care from a neurologist to treat his traumatic brain injury caused by LVMPD's use of excessive force during his arrest.

65. Plaintiff was, ultimately, not charged with any crime in relation to the arrest and conduct described above.

**FIRST CLAIM FOR RELIEF**

*Violation of Fourth Amendment Right to Objectively Reasonable Post-Arrest Medical Care*

*Against Defendant BENITEZ Under 42 U.S.C. § 1983*

66. Paragraphs 1 through 65 are hereby specifically included and incorporated as though fully set

forth herein.

67.    42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit at equity or other proper proceeding for redress.

68.    On July 5, 2023, Plaintiff was suspected of committing or being involved with a crime and Defendants sought to apprehend him.

69.    Plaintiff had a Fourth Amendment right to objectively reasonable post-arrest medical care until the end of his seizure. The Defendants, and each of them, were required to seek the necessary medical care for Plaintiff by summoning the necessary medical help or by taking Plaintiff to the hospital in a timely manner.

70.    Defendant BENITEZ violated Plaintiff's Fourth Amendment right to objectively reasonable post-arrest care by abusing his position and status to influence and induce Plaintiff to not disclose the full scope of his injuries and failing to disclose his own knowledge regarding the full extent of Plaintiff's injuries to medical staff at UMC.

71.    Defendant BENITEZ knowingly failed to take reasonable and available measures to abate or reduce the risk of serious bodily harm, even though a reasonable officer under the circumstances would have understood the probable severity of Plaintiff's condition and injuries and the high degree of risk involved, making the consequences of his failure to properly treat Plaintiff was obvious. These failures by Defendant BENITEZ were objectively unreasonable and deliberately indifferent to Plaintiff's obvious need for emergent medical care.

72.    As described above, after Defendant GATHING jump-kicked Plaintiff onto the ground and the weight of three full-grown men was then placed on Plaintiff, Plaintiff began bleeding from a large abrasion on his head. Despite Plaintiff's obvious injuries and violent nature of the apprehension, Defendant BENITEZ abused his influence and position of power to manipulate the minor Plaintiff to be a "man" and make his own decisions.

73.    With, at a minimum, deliberate indifference for human life, Defendant induced the minor

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052

Telephone: (702) 383-2864    Facsimile: (702) 383-0065

Plaintiff to be dishonest about his true injuries and leave a traumatic brain injury on a developing minor untreated. Further, Defendant concealed the true nature of the interactions they had with Plaintiff during apprehension denying any forceful tackle or kick *two separate times,* including to medical staff at UMC.

74. As a result of the Defendants' deliberate indifference of Plaintiff's injuries, Plaintiff's brain injury was not immediately treated.

75. The foregoing actions and omissions of Defendant BENITEZ were done with a reckless disregard and deliberate indifference to Plaintiff's serious medical condition.

76. That the wrongful and unlawful acts perpetrated by Defendants BENITEZ were performed with a reckless disregard of the well-established and conditionally protected rights of Plaintiff.

77. As a legal, direct, and proximate result of Defendant's unreasonable acts and omissions, Plaintiff has sustained damages for which he is entitled to compensation, including physical permanent disability, severe emotional, psychological, and mental pain and suffering.

78. As a result of Defendants' actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorney and paralegal fees pursuant to 42 U.S.C. § 1988.

**<u>SECOND CLAIM OF RELIEF</u>**

***Unlawful Use of Excessive Force in Violation of the Fourth Amendment***

***Plaintiff Against Defendant GATHING***

79. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 78 as if fully set forth herein.

80. At the time of the relevant conduct, Defendant GATHING was acting in the course and scope of his employment with Defendant LVMPD.

81. At the time of the relevant conduct, Defendant GATHING was acting under the color of state law.

82. At the time of the relevant conduct, Plaintiff's right to be free from the unlawful use by governmental agents of excessive force to execute arrests was well-established under the Fourth Amendment of the United States Constitution.

LAGOMARSINO LAW<br>3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052<br>Telephone: (702) 383-2864   Facsimile: (702) 383-0065

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

83. Defendant GATHING seized Plaintiff within the meaning of the Fourth Amendment when he, a grown man, jumped in the air and kicked Plaintiff, then a thirteen-year-old, squarely in his chest with both feet, the force of which sent GATHING flying over Plaintiff's body.

84. The force was excessive because, at the time that GATHING jump-kicked Plaintiff, Plaintiff had stopped running, put his hands in the air, and was turning to face the officers.

85. Defendant GATHING had ample time to employ an apprehension technique that was not as violent and more appropriate for a surrendering child.

86. As a direct and proximate result of Defendant GATHING's actions, Plaintiff was subjected to significant physical injury, humiliation, fear, and pain and suffering and is entitled to compensatory damages.

87. As a result of Defendants BENITEZ and GATHING's excessive force, it has been necessary for Plaintiff to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

*Unlawful Seizure by Excessive Force in Violation of Art. 1, § 18 of the Nevada Constitution*

*Plaintiff Against Defendant GATHING*

88. Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 87, as though fully set forth herein.

89. Article 1, Section 18 of the Nevada State Constitution mandates the right of Nevada citizens to be free from seizure by the unlawful use of excessive force.

90. At the time of the subject incident, Defendant GATHING was acting in the course and scope of his employment with Defendant LVMPD.

91. At the time of the subject incident, Plaintiff's right to be free from seizure by the unlawful use of excessive force was established under Article 1, Section 18 of the Nevada Constitution.

92. Defendant GATHING seized Plaintiff via the unlawful use of excessive force when GATHING jumped, mid-run, and kicked, then thirteen-year-old Plaintiff, in the torso with both feet, sending Plaintiff forcefully onto the concrete ground.

93. Defendant GATHING had ample time to employ a different apprehension maneuver given

that Plaintiff stopped running, had his hands in the air, and was not holding any weapons.

94.     As a direct and proximate result of Defendant GATHING's actions, Plaintiff was subjected to significant physical injury, humiliation, fear, and pain and suffering and is entitled to compensatory damages.

95.     As a result of Defendants GATHING's unlawful use excessive force, it has been necessary for Plaintiff to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorneys' fees therein.

## PRAYER FOR RELIEF

Plaintiff prays for a judgment in favor of Plaintiff, and against Defendants, as follows:

1.     For compensatory damages for significant physical and mental injury, pain and suffering, embarrassment and humiliation;

2.     For costs, interest, and attorney's fees incurred in prosecuting this action; and

3.     For other such further relief this Court deems appropriate.

DATED this 4th day of September 2024.

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiff John Doe*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

## JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff, by and through his undersigned attorneys, hereby demands a jury trial of all issues in the above-referenced matter.

DATED this 4th day of September 2024.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff John Doe*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065