ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
*Attorneys for Plaintiff John Doe*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN DOE, a minor, by and through his natural parent, Jane Doe,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GATHING, an individual; and BRIAN BENITEZ, an individual,<br><br>Defendants. | CASE NO:<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN PSEUDONYM** |

COMES NOW, Plaintiff JOHN DOE, by and through his natural parent, Jane Doe, and represented by his counsel of record ANDRE M. LAGOMARSINO, ESQ. and TAYLOR N. JORGENSEN, ESQ. of LAGOMARSINO LAW, and hereby submits *Plaintiff's Motion for Leave to Proceed in Pseudonym*. This Motion is made and based on the Memorandum of Points and Authorities, the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument of counsel to made at the time of hearing.

DATED this 4th day of September 2024.

LAGOMARSINO LAW

_/s/ Taylor Jorgensen_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
*Attorneys for Plaintiff John Doe*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is a case arising out of Defendants JASON GATHING's (hereinafter "Gathing") and BRIAN BENITEZ's (hereinafter "Benitez") acts and omissions concerning the unconstitutional use of excessive force and the failure to obtain objectively reasonable post-arrest medical care in violation of Plaintiff JOHN DOE's United States constitutional rights and his rights under the Nevada state constitution. Given the physical and mental injuries he sustained and the fact that he was not ultimately charged with a crime in connection with his arrest, Plaintiff files this instant Motion to protect his right to privacy and in the interest of his safety and to avoid further trauma. Considering the nature of the facts at issue, Plaintiff's interest in privacy outweighs any prejudice to Defendants Gathing and Benitez by proceeding as John Doe and Jane Doe.

Furthermore, the public's interest in being informed as to Plaintiff's name is minimal, as Plaintiff's identity does not affect the presentation of the facts at hand, nor does it affect the public's ability to access supporting evidence for Plaintiff's claims. Therefore, good cause exists to allow Plaintiff to proceed under a pseudonym.

**II.    STATEMENT OF FACTS**

Plaintiff is a minor, black male who was hanging out with his friends leading up to and during the time of the incident described herein. At the time of the incident described herein, Plaintiff was only thirteen (13) years old. Defendants Gathing and Benitez are, and were, employed as police officers with Las Vegas Metropolitan Police Department (hereinafter "LVMPD"), a law enforcement agency in Clark County, Nevada.

On July 5, 2023, Plaintiff had just returned from California and was at his natural mother's house. He accepted an invitation to hang out with his friends and to be picked up by his friends from his mother's house. The car that Plaintiff's friends were driving and used to pick him up was stolen. Multiple LVMPD officers engaged in a surveillance operation involving the vehicle which Plaintiff's friends were using and which LVMPD suspected was stolen. The officers followed the car to a Burger King where officers observed three juveniles, including Plaintiff, park the car and enter the Burger King.

Shortly after, several LVMPD officers burst into the restaurant with guns drawn, yelling expletives at Plaintiff and his friends to get down. Startled and scared by the sudden intrusion, Plaintiff ran out of the restaurant and into traffic. Multiple officers, with their guns drawn, chased after Plaintiff. After approximately thirty (30) seconds of pursuit, Plaintiff reached a sidewalk and turned around with his (empty) hands up to face the officers. Despite Plaintiff surrendering, Defendant Gathing jumped in the air and kicked Plaintiff with both feet, hitting him in the chest and knocking him to the hard concrete and rocks. Due to GATHING's excessive use of force, Plaintiff suffered immediately visible injuries including abrasions to his head, face, eyebrow and hip. The officers involved in Plaintiff's apprehension also used excessive and unnecessary force to Plaintiff's head and neck while arresting him.

Benitez transported Plaintiff to University Medical Center (hereinafter "UMC") because Plaintiff had sustained injuries during his arrest. During the car ride to UMC, Benitez told Plaintiff (then only thirteen (13) years old) that it was his choice if he wanted to be medically checked out. Benitez told Plaintiff that he is "a man and can make [his] own decisions." Benitez warned Plaintiff that UMC could take "several hours" if he wanted to "be seen" beyond just treating his scrapes. After hearing Benitez talk of extreme wait times at UMC, Plaintiff only complained of pain from his scrapes. *See* Complaint, generally. When Plaintiff's mother took him back to the hospital the following day, a brain scan showed he had suffered a brain injury as well. This was not initially treated at UMC because Benitez abused his position of power to persuade Plaintiff not to disclose the extent of his injuries or the pain he was feeling.

Ultimately, all charges against Plaintiff were dropped.

As a result of Defendants Gathing and Benitez's actions, Plaintiff filed the instant litigation. Due to the highly sensitive nature of this case, Plaintiff files this instant Motion for Leave to Proceed in Pseudonym to protect his safety and privacy.

### III.  LEGAL ARGUMENT

#### A.  Plaintiff's Privacy Interest Supports Proceeding Under a Pseudonym

Nevada Rule of Civil Procedure 10 normally requires that all parties in litigation be identified by their names. However, courts routinely allow parties to use pseudonyms in cases where

nondisclosure of a person's identity is necessary to protect that person from harassment, injury, ridicule, or personal embarrassment. *Does I thru XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. Courts have allowed plaintiffs to remain anonymous in cases dealing with sensitive matters, including for example a party's safety or mental health. *See Doe v. Smith*, 105 F.Supp.2d 40 (E.D.N.Y. 1999) (pseudonym allowed in a situation where exposing plaintiff's identity would seriously affect plaintiff's mental health); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (pseudonym allowed in a situation where plaintiff wanted to keep his mental health condition private); *see also Sears v. Mid Valley Enterprises, LLC,* 2021 WL 8015628 at *2 (D. Nev. 2021) (pseudonym allowed where individual demonstrated need based on fear for safety, reputation, and interactions in the community).

In the instant case, Plaintiff's need for anonymity is overwhelming. However, the need for anonymity applies not only to him, but his natural parent, Jane Doe, as Plaintiff could easily be identified by identifying Jane Doe. As a result of Defendants Jason Gathing's and Brian Benitez's actions and inactions, Plaintiff was seriously physically and mentally injured, traumatized, and humiliated. Plaintiff continues to fear for his safety and faces re-traumatization if publicly named in this suit. Further, Plaintiff was not charged or convicted of any crimes in relation to the arrest at issue.

Moreover, Plaintiff's interest in privacy is met with a lack of prejudice to Defendants Gathing and Benitez. Defendants Gathing and Benitez, via discovery in this action, will become fully aware of Plaintiff's and Jane Doe's identities. Being required to refer to Plaintiff as John Doe and his natural parent as Jane Doe in pleadings will not hinder Defendants' ability to investigate the circumstances of the claim, nor to present a defense. Plaintiff is willing to stipulate regarding confidentiality and the procedures for discovery production and filing requirements to allow for public anonymity and private transparency.

Not only will the parties be unaffected by Plaintiff's pseudonym, but the public will be unaffected by Plaintiff proceeding anonymously. Plaintiff's claims center on Defendant Benitez's violation of Plaintiff's constitutional right to objectively reasonable post-arrest medical care and

Defendant Gathing's unlawful use of excessive force in violation of the Fourth Amendment. Nevada has a policy of protecting the interest and safety of minors. Though the interest of the public in knowing the facts of this litigation is substantial, there is no public right that would be infringed upon by allowing Plaintiff to proceed as John Doe because referring to him as such does not affect the presentation of the facts in this case. Therefore, allowing Plaintiff to proceed as John Doe to protect his safety, mental health, and privacy outweighs the minimal prejudice if any, to the Defendants and the public.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court Order that Plaintiff be granted leave to proceed in the instant litigation as John Doe and his natural mother as Jane Doe.

DATED this 4th day of September, 2024.

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
*Attorneys for Plaintiff John Doe*