# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Doe,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Jason Gathing, et al.<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01626-APG-BNW<br><br>**ORDER** |

　　　　Before the court is Plaintiff's motion for leave to proceed in pseudonym. ECF No. 3. Defendants did not respond. For the reasons discussed below, the Court grants Plaintiff's motion.

　　　　Two legal standards are at play here: Local Rule 7-2(d) and Ninth Circuit case law. Under the local rule, "the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Under Ninth Circuit case law, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Still, a party may proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

　　　　Plaintiff argues that he was physically and mentally injured, traumatized, and humiliated due to Defendants' alleged excessive force. ECF No. 3 at 4. He seeks to proceed anonymously because he wants to avoid re-traumatization and because he fears for his safety. *Id.* Additionally, Plaintiff argues that Defendants will not be prejudiced because they will learn of his identity via discovery and can investigate the claims with such knowledge. *Id.* Finally, Plaintiff argues that the public benefit comes from learning the facts of this case and that him proceeding anonymously will not affect this benefit. *Id.* at 4–5.

Here, Defendants did not respond to the motion. The Court construes this as consent to the granting of the motion under LR 7-2(d). Further, the Court finds that Plaintiff's need for anonymity outweighs any prejudice to Defendants and the public interest in knowing his identity. Plaintiff is a minor who seeks to protect his safety, privacy, and mental health. *See Kamehameha*, 596 F.3d at 1045 ("[The] youth of these plaintiffs [is] a significant factor in the matrix of considerations arguing for anonymity.") (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Defendants will know Plaintiff's name and can defend the allegations with such knowledge. The public's interest can be satisfied by having the facts of the case public without revealing Plaintiff's identity. In balance, Plaintiff's need to proceed via pseudonym outweighs the minimal prejudice to Defendants and the public's interest in knowing his name.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in pseudonym (ECF No. 3) is GRANTED.[1]

DATED: October 2, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court grants the motion, Plaintiff should be aware that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Does I thru XXIII*, 214 F.3d at 1069. Therefore, this Order does not guarantee Plaintiff anonymity through all stages of the case.